IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PATRICIA BRIZZEE,

                         Plaintiff,                                    CV-04-1566-ST

         v.                                            FINDINGS AND
                                                                RECOMMENDATIONS

FRED MEYER STORES, INC., a foreign
corporation,

                          Defendant.

STEWART, Magistrate Judge:

## **INTRODUCTION**

       Plaintiff, Patricia Brizzee ("Brizzee"), filed this action on October 28, 2004, alleging four

claims against her former employer, Fred Meyer Stores, Inc. ("Fred Meyer"):  (1) violation of

the Family Medical Leave Act ("FMLA"), 29 USC §§ 2901, *et seq* ("First Claim"); (2) violation

of the Oregon Family Leave Act, ORS 659A.150-186 ("Second Claim"); (3) common law

wrongful discharge ("Third Claim"); and (4) intentional infliction of emotional distress ("Fourth

1 - FINDINGS AND RECOMMENDATIONS

Claim").  Each of these claims stems from Fred Meyer's action of terminating Brizzee's employment on March 28, 2003.

On October 12, 2005, Fred Meyer filed a Motion for Summary Judgment on all of Brizzee's claims, arguing that Brizzee was precluded from bringing any claims by virtue of a Separation Agreement and Release of Claims that she signed the day she was terminated.  This court issued Findings and Recommendations ("F&R") to grant summary judgement as to all claims except the First Claim alleging a violation of the FMLA (docket #56).  Judge Michael Mosman adopted that F&R (docket #74).  According to the court's ruling, the Separation Agreement was enforceable, but could not waive or release the FMLA claim without approval by either the United States Department of Labor ("DOL") or the court.  That ruling is premised on 29 CFR § 825.220(d) which provides in relevant part that "[employees cannot waive, nor may employers induce employees to waive, their rights under [the] FMLA."  No Ninth Circuit authority discusses the issue of a person's ability to waive or release a FMLA claim. Recognizing a divergence of opinions on this issue in the Fourth and Fifth Circuits, this court found the Fourth Circuit's interpretation of 29 CFR § 825.220(d) to be more thorough and persuasive.  Compare *Taylor v. Progress Energy, Inc.*, 415 F3d 364, 368 (4th Cir 2005) ("*Taylor I*"), *opinion reinstated after rehearing*, 493 F3d 454 (2007) ("*Taylor II*"), *petition for certorari filed*, 76 USLW 3226 (Oct 22, 2007) (NO. 07-539) with *Faris v. Williams WPC-1, Inc.*, 332 F3d 316, 321 (5th Cir 2003) (holding that the regulation applies "only to waiver of substantive rights under the FMLA, rather than to claims for money damages.").

Fred Meyer contends that the Fifth Circuit correctly analyzed the existing state of the law when it found that an employee could waive an FMLA claim under the appropriate

circumstances.  Accordingly, it filed a direct appeal (docket #78) which the Ninth Circuit

dismissed (docket #88).  Fred Meyer also filed in this court a Motion for Certification Order for

Appeal Pursuant to 28 USC § 1292(b) (docket #76), which it later amended (docket #82),

requesting that this court amend its previous order regarding summary judgment to certify the

issue for immediate appeal.  On September 13, 2006, at the request of Fred Meyer, this court

stayed that motion pending a rehearing by the Fourth Circuit in *Taylor I* (docket #87).  In July

2007, in an *amicus* brief filed in the Fourth Circuit, the DOL expressed its opinion that 29 CFR

§ 825.220(d) should be interpreted to bar only the prospective waiver of future FMLA rights and

not the retrospective settlement of claims.  In *Taylor II*, the Fourth Circuit rejected that

interpretation and reinstated its prior opinion.

       This court then lifted the stay and allowed supplemental briefing on the pending motions.

Given the DOL's recent interpretation of its regulation, Fred Meyer not only seeks to certify the

issue for immediate appeal, but, in the alternative, requests that this court reconsider its prior

opinion and find that the FMLA claim is barred by the existing Separation Agreement.

## FINDINGS

### I.  Motion for Reconsideration

       If, upon reconsideration, this court concluded that Brizzee could waive or release her

FMLA claim without approval by either the DOL or the court, then the FMLA claim should be

dismissed as barred by the Separation Agreement and Release of Claims.  In that event, a final

and appealable judgment would be entered, rendering moot Fred Meyer's motion to certify an

order for appeal.  Therefore, this court will first address that issue.

After this court denied summary judgment to Fred Meyer on the FMLA claim, the defendant in *Taylor I* filed a petition for rehearing.  The DOL filed an *amicus* brief in support of that petition disagreeing with the Fourth Circuit's interpretation of  29 CFR § 825.220(d) and contending that its regulation bars only the prospective waiver of FMLA rights.  The Fourth Circuit granted a rehearing to consider the DOL's interpretation.

Based on the DOL's *amicus* brief in *Taylor II*, but before the Fourth Circuit issued its decision in *Taylor II*, one district court reconsidered its earlier position following *Taylor I* and held that an employee may waive or settle claims for past violations of the FMLA.  *Dougherty v. TEVA Pharms. USA, Inc.*, 2007 WL 1165068 (ED Pa April 9, 2007).  The court rejected the DOL's argument "that the applicability of Section 825.220(d) turns solely on the general distinction between rights and claims."  *Id* at *6.  However, it reasoned that the right to bring a claim "is not a right under the FMLA."  *Id*.  Instead, the right "arises only when an employer has violated the FMLA.  So by settling a past FMLA claim, the employee still retains all of her substantive rights and remedies (proscriptive rights) under the FMLA."  *Id*.  Finding that the DOL reasonably interpreted the FMLA in the regulation, the court gave that interpretation deference under *Chevron, USA, Inc. v. Natural Resources Defense Council, Inc.*, 467 US 837 (1984).

In *Taylor II*, the Fourth Circuit considered and rejected both the DOL's position and the reasoning in *Dougherty*.  Based on the text of the FMLA, the Fourth Circuit first concluded that rights under the FMLA includes "the right to bring an action or claim for a violation of the Act." *Taylor II*, 493 F3d at 457.  It also found that the DOL had offered differing assertions as to the scope of the regulation by urging the adoption of the holding of *Faris* which it had rejected in its

4 - FINDINGS AND RECOMMENDATIONS

*amicus* brief in *Dougherty*. *Id* at 458. The court was not persuaded by the reasoning in *Dougherty* which ignored the FMLA's text by finding that the right to bring an FMLA claim is not a right under the FMLA and which also confused the decision to exercise rights with waiver of rights. *Id* at 459. It further concluded that "[a]s with the FLSA, private settlements of FMLA claims undermine Congress's objective of imposing uniform minimum standards" and the FMLA is not analogous with either Title VII or the ADEA which "are not standard labor laws like the FMLA" and which have no implementing regulation akin to 29 USC § 825.220(d). *Id* at 460. Finally, it pointed out that the DOL's interpretation is "inconsistent with what the DOL said it intended the regulation to mean at the time it was promulgated, noting that the DOL "specifically considered and rejected proposed amendments that would have permitted the interpretation now advanced by the DOL." *Id* at 461. Acknowledging that the requirement of DOL or court approval of waivers or releases of FMLA claims will create added burdens, it nonetheless expressed confidence "that both the DOL and the courts will work diligently to deal with these cases in a prompt and efficient manner." *Id* at 462. Accordingly, it remained "convinced that the plain language of section 220(d) precludes both the prospective and retrospective waiver of all FMLA rights, including the right of action (or claim) for a past violation of the Act" and reinstated its opinion in *Taylor I*, with one of the three judges filing a dissent. *Id* at 456. In late October, the defendant in *Taylor II* filed a petition for *certiorari* with the Supreme Court.

///

5 - FINDINGS AND RECOMMENDATIONS

This court has carefully reviewed the arguments for the opposing positions and remains persuaded by the Fourth Circuit's analysis. Therefore, it declines to reconsider its prior recommendation.

## II.  Motion to Certify Appeal

### A.  Legal Standard

Pursuant to 28 USC § 1291, the federal courts of appeals postpone appellate review until after a final judgment has been entered by a district court. The Interlocutory Appeals Act, 28 USC § 1292(b) ("§ 1292(b)"),[1] provides a limited exception to this final judgment rule. It authorizes district courts to certify an order for interlocutory appeal if: (1) the "order involves a controlling question of law;" (2) there is "substantial ground for difference of opinion;" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id*; *In re Cement Antitrust Litig.*, 673 F2d 1020, 1026 (9th Cir 1982), *aff'd sub nom Arizona v. Ash Grove Cement Co.*, 459 US 1190 (1983). Even when all three statutory criteria are satisfied, district court judges have "unfettered discretion" to deny certification. *Ryan, Beck & Co., LLC v. Fakih*, 275 F Supp2d 393, 396 (EDNY 2003)*; see also Executive Software N. Am.*, *Inc. v. United States Dist. Ct. for the Cent. Dist. of Cal.*, 24 F3d 1545, 1550 (9th Cir 1994) (stating that a district court's certification decision is "unreviewable").

---

[1] 28 USC § 1292(b) provides in full:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

The Ninth Circuit has cautioned that § 1292(b) "is to be applied sparingly and only in exceptional circumstances." *United States v. Woodbury*, 263 F2d 784, 799 n11 (9th Cir 1959). The legislative history makes clear that § 1292(b) is reserved for "extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation," such as "antitrust and similar protracted cases." *United States Rubber Co. v. Wright*, 359 F2d 784, 785 (9th Cir 1966), quoting S Rep No 2434 (1958), reprinted in 1958 USCCAN 5255, 5260.  As the Ninth Circuit has explained, the statute "was not intended merely to provide review of difficult rulings in hard cases." *Id.*  "Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule." *Caterpillar, Inc. v. Lewis*, 519 US 61, 74 (1996) (citations omitted).  Interlocutory appeals are limited to "rare circumstances" because it is a "departure from the normal rule that only final judgments are appealable." *James v. Price Stern Sloan, Inc.,* 283 F3d 1064, 1067 n6 (9th Cir 2002).

**B.  Controlling Questions of Law**

**1.  Legal Standard**

A "question of law" is "controlling" under § 1292(b) if resolving it on appeal could materially affect the outcome of litigation in the district court.  *In re Cement Antitrust Litig.*, 673 F2d at 1026.  A "question of law" means a "pure question of law," not a mixed question of law and fact or an application of law to a particular set of facts.  *See Ahrenholz v. Bd. of Trs. of the Univ. of Illinois*, 219 F3d 674, 675-77 (7th Cir 2000).  As explained by the Seventh Circuit, in the context of § 1292(b), the term "'question of law' means *an abstract legal issue* rather than an issue of whether summary judgment should be granted." *Id* at 677 (emphasis added).

7 - FINDINGS AND RECOMMENDATIONS

### 2.  **Application**

For purposes of this motion, Brizzee agrees that whether she may release her FMLA claims without DOL or court approval is a controlling question of law as to a very narrow portion of this case because it could materially affect the outcome of the FMLA claim.  She also agrees, for purposes of this motion, that this is a pure question of law.  However, as discussed below, she disagrees that the question of law controls the entire case.

### C.  **Substantial Ground for Difference of Opinion**

#### 1.  **Legal Standard**

To demonstrate "a substantial ground for difference of opinion" on a question for § 1292(b) certification, a party must show more than its own disagreement with a court's ruling. *See, e.g., First Am. Corp. v. Al-Nahyan*, 948 F Supp 1107, 1116 (DDC 1996) ("Mere disagreement, even if vehement, with a court's ruling on a motion to dismiss does not establish a 'substantial ground for difference of opinion' sufficient to satisfy the statutory requirements for an interlocutory appeal").  However, "in determining whether a substantial ground for difference of opinion truly exists, a district court must analyze the strength of the arguments in opposition to the challenged ruling." *Ryan, Beck & Co., LLC,* 275 F Supp2d at 398 (internal quotation omitted).  Indeed, an issue can be a controlling question of law for which there is a substantial ground for difference of opinion when it is "difficult and of first impression." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F2d 21, 25 (2nd Cir 1990); *but see In re Flor*, 79 F3d 281, 284 (2nd Cir 1996).

///

///

8 - FINDINGS AND RECOMMENDATIONS

2.  **Application**

The Fourth Circuit's opinion in *Taylor II* conflicts with the DOL's interpretation of its regulation, the district court's opinion in *Dougherty* and the Fifth Circuit's opinion in *Faris.*  For purposes of this motion, Brizzee concedes that there is a substantial ground for a difference of opinion, but contends that this disagreement is not, of itself, enough to justify a permissive appeal.

D.  **Immediate Appeal from the Order May Materially Advance the Ultimate Termination of the Litigation**

It is the third requirement for an immediate appeal on which Fred Meyer's position falters.  Fred Meyer argues that an interlocutory appeal on the FMLA issue would materially advance the ultimate termination of this litigation by deciding the only remaining claim.  Of course, resolution of that appeal could be delayed significantly if the Supreme Court accepts the petition for *certiorari* filed in *Taylor II.*  If the Ninth Circuit (or Supreme Court) disagrees with this court on its interpretation of the FMLA, then on remand all of Brizzee's claims will be dismissed, resulting in a final judgment in Fred Meyer's favor.  Brizzee will then appeal that judgment on the binding nature of the release in the Separation Agreement, resulting in a second appeal.  At that point, if Brizzee wins the second appeal, the case then will be remanded for trial on all claims.  That scenario will result in two appeals, with the possibility of one trial after the second appeal.

On the other hand, if the Ninth Circuit (or Supreme Court) agrees with this court on the FMLA issue, then the parties will return to this court for trial only on the FMLA claim. Regardless of the outcome, a second appeal will follow.  If Fred Meyer wins that trial on the facts, then Brizzee will appeal the loss of her other claims on summary judgment.  If Brizzee

9 - FINDINGS AND RECOMMENDATIONS

wins at trial, then Fred Meyer will appeal. That scenario will result in two appeals and one trial, with the possibility of a second trial after the second appeal.

Brizzee contends, however, that an immediate appeal simply further delays the already protracted litigation which is not economical or fair to the litigants. Instead, she prefers to proceed to trial now on the FMLA claim. Unfortunately, such a trial will likely neither be simple nor short since Brizzee acknowledges that, even though proof of damages will be limited, the witnesses as to liability on just the FMLA claim will be the same as for a trial on all claims. A jury verdict in Fred Meyer's favor would eliminate the need to appeal the FMLA issue, although Brizzee would likely appeal the loss of her other claims on summary judgment. A jury verdict in Brizzee's favor would preserve Fred Meyer's FMLA argument and allow the Ninth Circuit to resolve all issues (the FMLA issues, trial issues and all other summary judgment issues) in one appeal. That scenario will result in one trial, followed by one appeal, with the possibility of a second trial after the appeal.

Granting Fred Meyer's motion will result in an appeal of a limited issue with the virtual assurance of a second appeal to the Ninth Circuit, followed by the possibility of one or two trials. Appeals are very time-consuming and expensive and may or may not avoid a trial. Two appeals to the Ninth Circuit could easily consume a period of three to four years. On the other hand, denying Fred Meyer's motion would put all issues before the Ninth Circuit at the same time after one trial. However, trials are very expensive. Neither option is particularly attractive to parties who want their dispute resolved quickly and efficiently.

It is tempting to grant Fred Meyer's motion because doing so would force all issues remaining after remand into one trial. However, as the above discussion demonstrates, granting

10 - FINDINGS AND RECOMMENDATIONS

Fred Meyer's motion would not necessarily avoid further appeals and trials. Instead, it would simply change the order and number of issues in ensuing appeals and trials. This case has been pending before this court for over three years, and this court has already once stayed its hand in the hope that rulings elsewhere would resolve the one remaining issue. That did not happen and Fred Meyer's proposed appeal would further delay this already lengthy litigation without providing the assurance of untangling the procedural quagmire it has created. A trial now on the FMLA claim may ultimately end up one step forward, followed by two steps backward in the form of additional appeals or trials. However, this court concludes that it is a step which must be taken because Fred Meyer's proposed alternative would not materially advance termination of the litigation, but would simply reshuffle the procedural deck.

Certification under § 1292(b) should be granted only sparingly and in exceptional circumstances. This case does not present any exceptional circumstances. Because this court concludes that certification of this case for appeal under § 1292(b) will not materially advance the ultimate termination of this litigation, Fred Meyer's request for such certification should be denied. As a result, the remaining FMLA claim should be set for trial.

///

///

///

///

///

## **RECOMMENDATIONS**

11 - FINDINGS AND RECOMMENDATIONS

For the reasons discussed above, defendant's Motion for Certification Order for Appeal Pursuant to 28 USC § 1292(B) (docket #78) should be DENIED AS MOOT and Amended Motion for Certification Order for Appeal Pursuant to 28 USC § 1292(B) (docket #82) should be DENIED.

**<u>SCHEDULING ORDER</u>**

Objections to the Findings and Recommendation, if any, are due January 2, 2008.  If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this 10th day of December, 2007.


/s/  Janice M.  Stewart
Janice M. Stewart
United States Magistrate Judge

12 - FINDINGS AND RECOMMENDATIONS